# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LAMORRIS LAMPKIN**  **PLAINTIFF**
**#658354**

v.                    No: 4:20-cv-01140 LPR-PSH

**JOSEPH GORMAN,** *et al.*                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff LaMorris Lampkin filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 24, 2020 (Doc. No. 2).[1] Lampkin was subsequently granted *in forma pauperis* status, and defendants were served (Doc. Nos. 7 & 8).

---

[1] In its initial order to Lampkin, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified

On March 16, 2021, mail sent to Lampkin at his address of record was returned as undeliverable, and the envelope was entered on the docket. Doc. No. 9. The returned envelope contains a written statement of, "Return to Sender, No longer @ this facility, ADC." The same day, the Court entered a text order directing Lampkin to provide notice of his current mailing address within the next 30 days. Doc. No. 10. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend that his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The Court's March 16 order could not be delivered to Lampkin, and the envelope was returned to the Clerk of the Court and entered on the docket. Doc. No. 13. The envelope contains the written statement, "Return to Sender, No longer housed @ this facility." Defendants filed a motion to dismiss Lampkin's complaint on May 7, 2021, based on Lampkin's failure to update his address (Doc. No. 16).

More than 30 days have passed, and Lampkin has not complied or otherwise responded to the March 16, 2021 order. Lampkin failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to

---

Lampkin that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 3.

the Court's orders.  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT the defendants' motion to dismiss (Doc. No. 16) be granted and that Lampkin's complaint (Doc. No. 2) be DISMISSED WITHOUT PREJUDICE.

DATED this 12th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE